UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

OCEANUS STERLING GIBBS, )
)
    Plaintiff, )
)
v. ) CV416-341
)
SUPERIOR COURT OF )
CHATHAM COUNTY; EASTERN )
JUDICIAL CIRCUIT DIVISION OF )
CHILD SUPPORT, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Proceeding *pro* se, Oceanus Sterling Gibbs seeks to appeal the proceedings of a family court case in Chatham County Superior Court under the guise of a civil rights complaint. Doc. 1 at 2-4. He asks the Court to dismiss a child support decree, recalculate his child support monthly payment, dismiss his child support payments currently in arrears, and redistribute the equity in the home he co-owned with his child's mother. *Id.* at 4; *see also id.* at 5-8 (Divorce Decree).

His Complaint here must be dismissed, as there is no basis for federal jurisdiction over it.[1] Doc. 1. It is well settled that federal courts

---

[1] In cases where the plaintiff is proceeding *in forma pauperis*, which the Court **GRANTS** here on indigency grounds (doc. 2), it is required to screen each case and

have no power to consider claims for which they lack subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subjects of divorce, custody, and alimony are within the exclusive jurisdiction of the state courts, and under almost all circumstances the federal courts lack jurisdiction over these disputes. *See Ankenbrandt v. Richards*, 504 U.S. 689, 695-700 (1992) (explaining the "longstanding rule" that "federal courts lack jurisdiction over certain domestic relations matters"); *In re Burrus*, 136 U.S. 586, 594 (1890); *Barber v. Barber*, 62 U.S. 582 (1858). This Court must abstain from interfering with the functioning of the state courts in issuing and enforcing divorce, alimony, and child custody decrees. *Ankenbrandt*, 504 U.S. at 703-04.

There is a second jurisdictional roadblock to plaintiff's complaint. This Court is not empowered to sit as an appellate court authorized to review the final decisions of state court tribunals. *See Rooker v. Fidelity*

---

dismiss any action or appeal that involves an untrue allegation of poverty or that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

2

*Trust Co.*, 263 U.S. 413 (1923); Di*strict of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644, n. 3 (2002) ("The Rooker-Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, *see* § 1257(a)."). The only federal court that can review judgments entered by a state court in civil litigation is the Supreme Court of the United States. *See* 28 U.S.C. § 1257. Lower federal courts (in almost all cases) simply lack subject-matter jurisdiction when the state court's judgment is the source of the injury of which plaintiffs complain in federal court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291-92 (2005).

Because plaintiff has not articulated any cognizable federal claim over which this Court may assert jurisdiction, dismissal is recommended. *Bender*, 475 U.S. at 541; *Kokkonen*, 511 U.S. at 377. Though the Court would normally give plaintiff an opportunity to amend his complaint to

correct these deficiencies[2], it is clear that no possible amendment could invoke this Court's jurisdiction over his claims. Because amendment would be futile, dismissal with prejudice is appropriate. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the

---

[2] *See, e.g., Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, and no undue prejudice could be shown); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (*pro se* litigants must generally be given an opportunity to amend their complaints).

4

assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this __3rd__ day of January, 2017

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA